UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:90-CR-034(06)-G |
| HILARIO GONZALEZ-BALDERAS, SR., ) | |
| ) | **ECF** |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Hilario Gonzalez-Balderas, Sr. ("Gonzalez-Balderas" or "the movant") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, the motion is denied.

I. BACKGROUND

On February 14, 1992, the movant was convicted of three criminal offenses: (1) conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); (2) engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; and (3) conspiracy to transport funds outside the United States to promote unlawful

activity in violation of 18 U.S.C. §§ 371 and 1956(a)(2).  For the first two convictions, Gonzalez-Balderas was sentenced to life imprisonment; on the third, he was sentenced to a concurrent five-year term of imprisonment.

On direct appeal, the Court of Appeals vacated the conviction on the conspiracy charge, finding that it was a lesser-included offense of the continuing criminal enterprise violation.  The other two convictions and the sentences related thereto were affirmed.  *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1225 (5th Cir.), *cert. denied*, 511 U.S. 1129 (1994) ("*Gonzalez-Balderas I*").

As a consequence of his conviction for violating 21 U.S.C. § 848, Gonzalez-Balderas's offense level was 48 -- 42 for the maximum base offense level in the drug quantity table, plus 4 levels for engaging in a continuing criminal enterprise pursuant to U.S.S.G. § 2D1.5, plus a two-level dangerous weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).  At the time the movant was sentenced, the guideline range for an offense level of 48 was a mandatory life sentence.  *Id.*

In January of 1996, Gonzalez-Balderas filed a motion to reduce his sentence in light of Amendment 505 to the Federal Sentencing Guidelines, codified at U.S.S.G. § 2D1.1(c), which reduced the maximum base offense level outlined in the drug quantity table from 42 to 38.  Gonzalez-Balderas argued that because his offense level was, in part, grounded in the drug quantity table, Amendment 505 reduced his offense level to 42, giving the court discretion to reduce his sentence to 360 months.

This court summarily denied Gonzales-Balderas's motion.

On appeal, the Fifth Circuit affirmed the court's decision, finding that Gonzales-Balderas failed to account for the two-level dangerous weapon enhancement in his sentencing level calculation. *United States v. Gonzalez-Balderas*, 105 F.3d 981, 983 (5th Cir. 1997) ("*Gonzalez-Balderas II*"). The Court of Appeals noted that when the two-level increase is taken into account, Gonzalez-Balderas's offense level rose to 44 rather than the offense level of 42 alleged by the movant. *Id.* Because an offense level of 44 still required a mandatory life sentence, the Court of Appeals found that this court did not abuse its discretion in failing to explicitly consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 984.

## II. ANALYSIS

In his current motion, Gonzalez-Balderas seeks a reduction of his prison sentence from life to 240 months. *See* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion") at 5. The movant contends that he was improperly sentenced because this court wrongly enhanced his sentencing level for his leadership role and possession of a dangerous weapon in connection with the continuing criminal enterprise. He further contends, based on 18 U.S.C. § 3582(c)(2),[1] that the

---

[1] 18 U.S.C. § 3582(c)(2) provides, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment."

- 3 -

court should reduce his sentence because Amendments 591,[2] 599, and 630 to the Sentencing Guidelines -- all codified in U.S.S.G. App. C -- call for such a reduction.

A. <u>Leadership Role in CCE</u>

Gonzalez-Balderas alleges that he was wrongly given a four level increase pursuant to U.S.S.G. § 3B1.1 for his role as leader in the continuing criminal enterprise charge. The applicable sentencing guideline for continuing criminal enterprise specifically states that "[a]n adjustment from Chapter Three, Part B [U.S.S.G. § 3B1.1] is not authorized because the offense level of this guideline already reflects an adjustment for role in the offense." *See* Petitioners Reply to Government Response ("Reply") at 2-3. Gonzalez-Balderas, however, seems to misunderstand how the guidelines have been applied to his case.

The court did not apply an enhancement for his role in the continuing criminal enterprise pursuant to § 3B1.1. The movant apparently believes such an enhancement was applied because he believes that his base offense level should be 38. However, his analysis incorrectly interprets Section 2D1.5 of the Sentencing Guidelines, which establishes the base sentencing level for a defendant convicted of a continuing criminal enterprise.

---

[2] The movant argues that Amendment 591 is implicated because the court added an enhancement from Chapter 3, part B of the Guidelines. Motion at 3. However, as explained *infra*, the court did not add an enhancement for the movant's role in the offense pursuant to that section of the Guidelines. For this reason and others, the movant's argument regarding Amendment 591 is without merit.

Section 2D1.5 provides that, in determining the base sentencing level for a continuing criminal enterprise, the court should apply the greater of: "(1) 4 plus the offense level from § 2D1.1 applicable to the underlying offense; or (2) 38." *See* U.S.S.G. § 2D1.5(a). Therefore, the lowest base sentencing level that a defendant convicted of continuing criminal enterprise can receive is 38. However, this is not the level that applies to Gonzalez-Balderas.

As the Fifth Circuit explained, Gonzalez-Balderas's offense level was calculated under § 2D1.5(a) by adding four levels to the underlying offense level taken from the drug quantity table contained in U.S.S.G. § 2d1.1(c). *Gonzalez-Balderas II*, 105 F.3d at 983. Because the quantity of cocaine involved in the movant's case exceeded the highest quantity listed in U.S.S.G. § 2D1.1(c), see *Gonzalez-Balderas I*, 11 F.3d at 1225 (stating that the quantity was at least 3,600 kilograms), the offense level under that subsection is 38. When four levels are added to the underlying offense level stated in § 2D1.1 -- as is required by § 2D1.5(a)(1) -- the base offense level for the movant's violation of 21 U.S.C. § 848, before accounting for the dangerous weapon enhancement, is 42. Indeed, the movant admitted this calculation was correct in his previous motion to reduce his sentence. See *Gonzalez-Balderas II*, 105 F.3d at 983.

B. <u>Dangerous Weapon Enhancement</u>

Gonzalez-Balderas next argues that his sentence should be reduced because the court improperly added a dangerous weapon enhancement of 2 levels to his offense

level.  The movant first argues that the two levels were improperly added because his weapon possession did not meet the standards for a conviction under 18 U.S.C. § 924(c)(1).  *See* Reply at 4.  He also argues that the two-level increase constitutes double counting because all gun charges in the indictment against him were dismissed.  *Id.*

The two level increase for possession of a weapon is mandated by U.S.S.G. § 2D1.1(b)(1).  The dangerous weapon enhancement is properly added to reach a total base offense level under U.S.S.G. § 2D1.5 because that section incorporates the § 2D1.1 in its entirety.  See *Gonzalez-Balderas II*, 105 F.3d at 983.  This addition makes the movant's total base offense level 44, the guideline range for which is a life sentence.  *See* U.S.S.G. ch. 5, pt. A.

Contrary to the movant's contention, a defendant need not be found guilty of gun charges for the court to add a dangerous weapon enhancement under § 2D1.1(b)(1).  Several courts have found that a sentencing enhancement for possession of a dangerous weapon is proper even when the defendant has been acquitted of charges under 18 U.S.C. § 924(c)(1).  See e.g., *United States v. Lynch*, 92 F.3d 62, 67 (2d Cir. 1996); *United States v. Goggins*, 99 F.3d 116, 119 (3d Cir. 1996), *cert. denied*, 520 U.S. 1161 (1997); *United States v. Pollard*, 72 F.3d 66, 68-69 (7th Cir. 1995); *United States v. Coleman*, 947 F.2d 1424, 1428-29 (10th Cir. 1991), *cert. denied*, 503 U.S. 972 (1992).  These cases explain that such an enhancement is proper

because "§ 2D1.1(b)(1) of the guidelines casts a wider net than [18 U.S.C.] § 924(c)" because the government must prove more elements to convict under § 924(c) than it must to obtain an enhancement under 2D1.1(b)(1). *Pollard*, 72 F.3d at 68-69. Additionally, the burden of proof to establish an enhancement under § 2D1.1(b)(1) is less than the burden needed to convict under § 924(c). *Goggins*, 99 F.3d at 119.

It should also be noted that the Fifth Circuit has already explicitly found that Gonzalez-Balderas possessed a dangerous weapon during his commission of the continuing criminal enterprise offense and that the enhancement was properly applied to him for sentencing on that conviction. *Gonzalez-Balderas II*, 105 F.3d at 984. Although the Court of Appeals did not explicitly consider the issue raised by Gonzalez-Balderas here, the court implicitly accepted that the enhancement may be applied in cases where the defendant has not been convicted of a weapons offense.

Gonzalez-Balderas also moves the court to eliminate the two point dangerous weapon enhancement in light of Amendment 599 to the Sentencing Guidelines. That amendment provides that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4, Application Note 4; *see also*, U.S.S.G. App. C., Amendment 599. The amendment establishes that when a defendant is convicted of a specified offense,

application of a dangerous weapon enhancement constitutes double counting.  *See* U.S.S.G. § 2K2.4, Application Note 4.  The movant's argument regarding this amendment fails, however, because Amendment 599 does not apply to continuing criminal enterprise convictions; rather, it applies only to offenses committed in violation of 18 U.S.C. §§ 844(h), 924(c), and 929(a).  See *United States v. Morrison*, 131 Fed. Appx. 46, 46-47 (5th Cir. 2005).  Because Gonzalez-Balderas was not convicted of any of those offenses, the amendment is irrelevant to his sentencing.

C.  Prior Convictions

Finally, Gonzalez-Balderas seeks a reduction in his sentence because he alleges his criminal history was incorrectly calculated.  He posits that Amendment 630 to the Sentencing Guidelines prohibits the calculation of prior criminal convictions and that those convictions are elements of the crime for which he was convicted.  *See* Motion at 4.

Amendment 630 modified several portions of U.S.S.G. §§ 2K1.3 and 2K2.1 to make clear that if a defendant commits an additional offense after being charged with a crime to which §§ 2K1.3 or 2K2.1 apply but before sentencing on that offense, the later offense cannot be counted as a prior felony to increase the defendant's sentence.  U.S.S.G. App. C, Amendment 630, "Reason for Amendment."  The problem with the defendant's argument on this point is that his conviction for violating 21 U.S.C. § 848 does not implicate §§ 2K2.1 or 2K1.3, and Amendment 630 applies only to

offenses under those sections.  *See* U.S.S.G. App. C, Amendment 630.  Moreover, the amendment has not been designated for retroactive application by U.S.S.G. § 1B1.10(c).  Consequently, that amendment does not affect the guideline range for the movant's sentence.

### III. CONCLUSION

As noted above, the total offense level for Gonzalez-Balderas's conviction under 21 U.S.C. § 848 is 44, which yields a guideline recommendation of life imprisonment.  Taking into account the above analysis, the guideline recommendation, and the factors set forth in 18 U.S.C. § 3553(a), the court concludes that a sentence of life imprisonment is appropriate in this case.  Therefore, Gonzalez-Balderas's motion to reduce his sentence is **DENIED**.

**SO ORDERED**.

August 31, 2007.

_____
A. JOE FISH
CHIEF JUDGE